IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

DWIGHT BAILEY,

    Petitioner,

v.                                                     Case No. 5:24-cv-00660

W. HOLZAPFEL, Warden,
FCI Beckley,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and Respondent's Motion to Dismiss Petition (ECF No. 11). This matter is assigned to the Honorable Frank W. Volk, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

While incarcerated at the Federal Correctional Institution in Beckley, West Virginia ("FCI Beckley"), Petitioner filed the instant § 2241 habeas corpus petition alleging that the Federal Bureau of Prisons ("BOP") had violated federal statutes and regulations governing early release to pre-release placement and seeking immediate transfer to pre-release home confinement under the First Step Act ("FSA") and the Second Chance Act ("SCA"). (ECF No. 1). On March 11, 2025, the undersigned entered an Order and Notice for the parties to brief the issues asserted in the petition. (ECF No. 8).

However, according to the BOP's inmate locator on its website, www.bop.gov, Petitioner has been released to pre-release custody within the supervision of the Raleigh Reentry Management Office ("Raleigh RRM"), with a projected release date of October 15, 2026.  Thus, it appears that he received whatever FSA and SCA time credit he had earned at that time.  On April 25, 2025, Respondent filed a Motion to Dismiss asserting that Petitioner's request for habeas corpus relief is moot.  (ECF No. 11).  On April 29, 2025, the undersigned entered an Order and Notice directing Petitioner to respond to the motion to dismiss by May 19, 2025, and also set a reply deadline for Respondent of May 29, 2025.  (ECF No. 12).  The Order and Notice was mailed to Petitioner care of the Raleigh RRM.  (*Id.*)  No response or reply have been filed.

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review.  U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).  Thus, the power of the federal courts to adjudicate claims turns on the existence of a case or controversy.  U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno,* 547 U.S. 332, 352 (2006).  "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue."  *Taylor v. Riverside Reg'l Jail Auth.*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007). There are two exceptions to the mootness doctrine. *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 198). First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee*, 391 U.S. 234 (1968)). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Id.* (citing *Weinstein v. Bradford*, 423 U.S. 147, 149, (1975)). Neither exception applies here.

Petitioner's petition requested transfer to pre-release custody. Considering Petitioner's transfer to pre-release custody, there are no collateral consequences at issue here, Petitioner cannot reasonably expect to again be subject to the same wrong, and this federal court is no longer able to grant his requested relief in this habeas corpus action. Thus, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition is now moot. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss (ECF No. 11), **DENY**

**AS MOOT** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), and dismiss this matter from the docket of the court.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Chief Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner at his last known address, and to transmit a copy to counsel of record.

October 2, 2025

Dwane L. Tinsley
United States Magistrate Judge